## 11725.    SCARBOROUGH v. MALLORY.

That the defendant imputed to the plaintiff a crime punishable by law is
sufficiently alleged in the averments of the petition in this case as to the
charge of having removed a stone corner or stake placed at the corner
of a land lot by surveyors; and the petition sets out a complete cause
of action.

DECIDED MARCH 8, 1921.

Action for slander; from Campbell superior court — Judge
Hutcheson.  June 25, 1920.

Mallory brought suit for slander, and his petition contained in
part the following allegations: " Petitioner charges and alleges
that said defendant F. M. Scarborough has injured and damaged
the character and standing of your petitioner as a citizen of said
county and State, in the sum aforesaid, for that the said defend-
ant did on ,or about the 20th of January, 1919, and at divers other
times, in the months of January, February, and March, 1919, wil-
fully, wickedly, falsely, and maliciously charge that your petitioner
did pull up and remove a stone corner or stake placed there many
years ago by the surveyors of the land lots of now Campbell county,
where it had been placed and driven in the ground at the S. E.
corner of lot of land No. 149, and, after taking said stone corner
or stake, that your petitioner carried said stone to a point forty-
seven feet south of said corner, and placed it at a point forty-
seven feet on the dividing line of lots Nos. 149 and 150, then and
there driving said stone corner into the ground, and claimed that
the corner of said lots above stated was at the point where he had
removed said stones and driven them into the ground, and that
this was done on the part of said J. M. Mallory with the purpose
and intention of changing the land line of said lots of land to a
point forty-seven feet from where it originally belonged, for the
purpose of stealing and possessing from defendant a fine and
valuable part of his bottom land on lot No. 149;" and that the
alleged slanderous words of defendant " were made for the purpose
of injuring and damaging your petitioner's good name, character,
and standing as a worthy citizen of this State, and caused your
petitioner to be held up to public contempt, scorn, and ridicule,
to his injury and damage in the sum aforesaid, and were made
by the defendant falsely, maliciously, and known to be false when

made by said defendant, for the purpose of injuring and damaging, and which did injure and damage your petitioner in the sum aforesaid. These statements hereinbefore charged, were made as aforestated at divers times and places during the period herein alleged; some of them were made in the presence of the surveyor of Campbell county and his assistants and also of Mr. Smith, the county surveyor of Fayette county." The court overruled a general demurrer to the petition, and the defendant excepted.

*J. F. Golightly,* for plaintiff in error. *James & Bedgood, John H. Hudson,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) Under the record as it comes to us the only question for determination — and the only one argued in the brief of plaintiff in error — is whether or not the court erred in overruling the general demurrer. To impute to another a crime punishable by law is slander. Civil Code (1910), § 3433. Section 743 of the Penal Code of 1910 is as follows: " If any person shall knowingly, maliciously, or fraudulently cut, alter, or remove any certain boundary tree, or other allowed landmark, to the injury of another, he shall be guilty of a misdemeanor." In *Whitley* v. *Newman,* 9 *Ga. App.* 90 (6) (70 S. E. 687), this court held: " In order for one to impute a crime to another, in such a sense as that the imputation is actionable as slander, it is not necessary that the descriptive averments or essential ingredients by which the nature of the crime is defined should be stated with that distinctness requisite in an indictment. But, on the other hand, it is not enough that the party to whom the remark is addressed may unwarrantably reach the conclusion, from the language used, that a crime is being imputed to the person to whom the speaker refers. For a defamatory oral utterance to be slanderous as imputing a crime, the statement must not only be such as may convey to the auditor the impression that the crime in question is being charged, but it must be couched in such language as might reasonably be expected to convey that meaning to anyone who happened to hear the utterance." Under the above ruling the petition in this case sufficiently alleges that the defendant imputed to plaintiff a crime punishable by law, sets out a complete cause of action, and the court did not err in overruling the general demurrer and in refusing to dismiss the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*